United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————

**03-41071
Summary Calendar**

———————————

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**HERMANEGILDO ALANIZ,**

**Defendant-Appellant.**

———————————————————————————

**Appeal from the United States District Court
for the Southern District of Texas
(C-02-CR-340-5)**

———————————————————————————

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On a previous appeal, we affirmed Hermanegildo Alaniz's gulity plea conviction and sentence for conspiracy to possess more than 100 kilograms of marijuana with intent to distribute. *United States v. Alaniz*, 03-41071, 2004 WL 1427086 (5th Cir. 23 June 2004). The Supreme Court granted a writ of certiorari; vacated the judgment; and remanded for further consideration in the light of

———————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Booker*, 125 S. Ct. 738 (2005). *Alaniz v. U.S.*, 125 S. Ct. 1022 (2005).

Based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Alaniz first challenged the constitutionality of his conviction and sentence, in his appeal to our court. Because Alaniz did not raise in district court his objection to the constitutionality of his sentence, our review is only for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). Under plain-error review, our court may correct a defendant's sentence only if there is a clear or obvious error that affects his substantial rights. *E.g.*, *United States v. Cotton*, 535 U.S. 625, 631 (2002). Even then, we retain discretion whether to correct the error; generally, we will not do so unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Alaniz has met the first two prongs of plain error: the district court erred in sentencing him under a mandatory, as opposed to advisory, guidelines regime; and that error was "plain". To satisfy the third prong, Alaniz must show by "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different". *United States v. Dominguez-Benitez*, 124 S. Ct. 2333, 2339 (2004) (quotation and internal brackets omitted). Thus, the inquiry is whether Alaniz can demonstrate the result of his proceeding would have likely been

significantly different under an advisory regime. *Mares*, 402 F.3d at 521. Alaniz has pointed to nothing in the record indicating that the district court would have sentenced him differently under an advisory sentencing regime. (For possible further review, he maintains *Mares* is erroneous.) Therefore, he has not established that his substantial rights were affected. Accordingly, we reinstate our judgment affirming Alaniz's conviction and sentence.

*AFFIRMED*

3